LEMMON, Judge.
August J. LaNasa, an attorney at law, filed this suit against his client, Leon J. Bickham, to collect a fee for legal services. From a judgment awarding a $908.00 fee, the client appealed.
During the eight years prior to this suit, LaNasa had satisfactorily represented Bick-ham in several matters, and Bickham had *799 satisfactorily compensated LaNasa for this representation.
The representation which gave rise to this litigation involved two parcels of immovable property which Bickham, his sister and his brother had inherited from their parents. When Bickham’s brother died, the surviving spouse was placed in possession of that one-third interest under the terms of her husband’s will.
After the brother’s death, problems arose concerning rental collections on the properties. Bickham consulted LaNasa, who unsuccessfully attempted by letter and telephone to contact the widow’s attorney. It eventually appeared that resolution of the problems would probably be accomplished only by partition by licitation, and the widow’s attorney eventually filed that action on November 19, 1969.
When Bickham was served with the petition for partition, a meeting was held between Bickham, his sister and their respective attorneys. Since their legal positions were identical, Bickham and his sister agreed upon the course of action to be taken and employed the attorneys to represent them in the partition proceedings. LaNasa suggested a fee of $500.00 to each attorney, and all agreed. However, the attorney for Bickham’s sister testified that he was emphatic that this fee was satisfactory only if things went smoothly, since he had experienced difficulties in previous partition suits.
The necessary pleadings were prepared and filed, and a judgment ordering the partition was obtained. In preparation for the auction sale conferences were held to discuss whether or not they should bid on the property and the amount to be bid. La-Nasa also arranged an appointment with a homestead official and twice attended meetings with Bickham to obtain a loan if it became necessary.
The properties were sold at public auction on April 2, 1970 for the sum of $62,-700.00, and the act of sale was passed. However, the attorney appointed to effect the partition held the proceeds of the sale and did not file a proces verbal nor did he answer correspondence or telephone calls regarding disbursement of the funds. (This was the same attorney who represented the widow of Bickham’s brother.) LaNasa contends that he and the attorney for Bickham’s sister met with their clients and discussed the unexpected developments and the strategy to be employed in obtaining release of the funds. He insists that he explained to his client that this unforeseen development would necessitate additional work, for which an additional fee would be charged.
LaNasa then drafted and filed a rule to require the attorney to file the proces verbal. After a hearing on June 5, 1970, the attorney finally filed a proces verbal, which asserted for the first time a claim on behalf of the widow for $3,744.65 for money loaned to the estate. After another conference to discuss this claim, Bickham and his sister, through pleadings filed by their attorneys, immediately opposed the proces verbal and particularly the claim of the widow.
Still Bickham and his sister had not received any of the proceeds of the sale. LaNasa immediately moved for a hearing on the opposition, and after considerable legal research prepared and filed a memo-randa in support of his position. After hearing, the trial judge ordered that $3,744.65 be placed in the registry of court and that the balance of the funds be disbursed within ten days.
Upon receipt of Bickham’s share, La-Nasa endorsed and immediately forwarded the check to his client. The following day he prepared and forwarded an itemized bill for services, which included $500.00 for representation in the partition proceedings, $400.00 for additional services in obtaining the sale proceeds after the auction sale, and $8.00 for court costs.
Bickham objected and tendered a check in the amount of $500.00 marked “in full satisfaction for everything in case 484- *800 150”. LaNasa returned this check and eventually filed the present suit.
Bickham answered and admitted owing $500.00 (which has still not been paid), but denied any indebtedness in excess of that amount.
In this court Bickham argues that the trial court erred in altering an express contract which set a fee of $500.00 for the services to be performed. He contends that any ambiguity regarding the services to be performed in an attorney-client contract should be construed against the attorney.
This legal tenet, while sound as an expression of a principle of law, is not applicable to this case. We are not here concerned with an interpretation of the original contract, but with a determination of whether or not a new contract had been entered into. The trial court found as a fact that, at a conference following the partition sale, a new agreement was proposed and explained because of the unusual and unexpected circumstances. After setting forth the facts in a well-written opinion, the trial judge concluded:
“The defendant never objected to this new fee arrangement and permitted the plaintiff to continue his efforts to collect the funds from the notary.”
The trial judge, after hearing and observing the witnesses, accepted the definite and positive factual version presented by LaNasa and rejected the inexplicit version offered by Bickham. After a careful review of the record, we find substantial evidence to justify this decision, which we are bound to affirm on appellate review in the absence of manifest error.
On the only other issue, the trial judge found the quantum of the additional fee to be reasonable, and we also find no manifest error on that point.
It is indeed unfortunate that this dispute arose between these parties, since everyone agreed in testimony and oral argument that someone other than LaNasa and Bickham was to blame for the problems which necessitated the additional legal services. Although that person occupied a fiduciary position with respect to the funds that the additional services were performed to release, his responsibility is not before us in these proceedings.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.